Filed 4/6/21  P. v. Colbert CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B306282 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. KA029185 |
| v. | |
| GEORGE KENNETH COLBERT, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————

In 1996 a jury convicted defendant and appellant George Kenneth Colbert of possession of a completed check with intent to defraud in violation of then-applicable Penal Code section 475a.[1] In a priors trial, the jury found true allegations that Colbert had suffered three prior strikes under the Three Strikes law. The trial court sentenced Colbert to 25 years to life in the state prison.

In 2017, Colbert filed a petition for resentencing under the Safe Neighborhoods and Schools Act, commonly known as Proposition 47. (See § 1170.18, subds. (b), (g).) Colbert apparently already was represented by court-appointed counsel but filed the petition pro se. On May 9, 2017, the court filed a written order denying Colbert's petition. The court noted Colbert was represented by counsel and, accordingly, was not permitted to file documents pro se. Second, the court stated, a conviction for violating section 475a is not one of the enumerated crimes subject to Proposition 47 relief under section 1170.18, subdivision (a).

Colbert attempted to appeal from the May 9, 2017 order. After a considerable amount of procedural back-and-forth that we need not detail here, on June 29, 2020, we granted Colbert relief from default and permitted his notice of appeal, dated July 6, 2017, to be filed. The notice of appeal was filed on July 10, 2020.[2]

---

[1]     References to statutes are to the Penal Code. Section 475a was repealed by Stats. 1998, ch. 468, § 5. The applicable code section as of 1998 is section 475, subdivision (c). (See 2 Witkin & Epstein, California Criminal Law (4th ed. 2020) Crimes Against Property, § 178.)

[2]     In the meantime, in September 2020, the court granted Colbert's petition for recall and resentencing under section 1170.126, commonly known as Proposition 36. On October 6, 2020, the court resentenced Colbert to six years, gave him credit

2

We appointed counsel to represent Colbert on appeal. After examining the record, counsel filed an opening brief raising no issues and asking this court independently to review the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Counsel notified Colbert that he could file a supplemental brief within 30 days.

On January 25, 2021, Colbert submitted a supplemental brief. Colbert refers to "the right to effective assistance of appellate counsel" and then argues the trial court's May 9, 2017 order "summarily dismissed [his] petition for resentencing without giving [him] an opportunity to present evidence in mitigatince [*sic*]."

We have reviewed the entire record. The trial court correctly ruled that a felony conviction under former section 475a is not one of the crimes encompassed within Proposition 47. (See Couzens et al., Sentencing California Crimes (The Rutter Group 2020) Appen. 25C.)

We are satisfied that Colbert's counsel has fully complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *Wende, supra*, 25 Cal.3d at p. 441.)

---

for time served, and ordered him released and placed on post-release community supervision.

**DISPOSITION**

We affirm the trial court's order denying George Kenneth Colbert's petition for resentencing under Proposition 47.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EGERTON, J.

We concur:

EDMON, P. J.

LAVIN, J.

4